IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>LENO PEREA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR TRUE IDENTITY OF COOPERATING WITNESSES<br><br><br><br><br>Case No. 2:05-CR-234 TS |

Defendant renews his request for disclosure of the identity and whereabouts of a cooperating witnesses, namely the confidential informant (CI) who providing information leading to the search of Defendant's apartment and vehicle.  Defendant argues that the CI's identity is related to his possible defenses of entrapment, mere presence, and/or mis-identification.

The government opposes the request on the grounds that Defendant cannot overcome the privilege to withhold the CI's identity where the CI merely provided information establishing probable cause to issue a search warrant and will not testify at trial on the charges.  The government also argues that the threat of retaliation is significant in

this case.  In support, it cites Defendant's extensive and violent criminal history, which included an arrest on a charge of witness tampering.[1]

The scope of the government's privilege to withhold the identity of a CI is set forth in the Supreme Court's *Rovario*[2] decision.

> The government has the privilege to withhold from disclosure the identities of persons who provide law enforcement officers with information concerning violations of the law.  The privilege's purpose is to further and protect the public interest in effective law enforcement.  It recognizes citizens' obligation to inform law enforcement officials when they know a crime has been committed and encourages them to perform that obligation by preserving their anonymity.  However, the privilege is not unlimited.  Where the disclosure of an informer's identity is relevant and helpful to an accused's defense or essential to a fair determination of a cause, the privilege gives way and disclosure is required.

> There is no fixed rule as to when disclosure of an informer's identity is required.  Rather, the court must balance the public's interest in protecting the flow of information against a defendant's right to prepare a defense, considering the particular circumstances of each case, including "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."   "Mere speculation about the usefulness of an informer's testimony is not sufficient." Disclosure is not required where the information sought from the informer would be merely cumulative or where the informant is not a participant in or a witness to the crime charged.

> A defendant seeking disclosure of a confidential informer's identity bears the burden of showing a need for such disclosure.[3]

In this case Defendant has not shown that the CI was a participant in or a witness

---

[1] *See* Docket No. 93, Ex. A, at 4-5.

[2] *Rovario v. United States*, 353 U.S. 53 (1957).

[3] *United States v. Mendoza*, No. 05-2054, 2007 WL 1575985, at *14-15 (10th Cir. June 1, 2007) (citing and quoting *Rovario*, 353 U.S. at 59-63 and quoting *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987)) (other citations and alteration omitted).

to the charged offenses, Possession of Methamphetamine with Intent to Distribute and Felon in Possession of a Firearm.  The CI will not testify at trial.  The CI did not have a sufficient relationship with Defendant to provide the Defendant's last name at the time of issuance of the search warrant.   Defendant's charges do not arise from the CI's alleged purchases.  There is nothing to suggest the CI would have any exculpating information. As was the case of one of the two CIs involved in *Mendoza*, *supra,* the Defendant in the present case has not shown that the CI testimony would have been relevant or helpful to the defense.

Balancing the factors, the Court finds that Defendant has not shown that the government's privilege to withhold from disclosure the identity of the CI who provided information leading to the issuance of a search warrant.  Accordingly, it is therefore

ORDERED that Defendant's Motion for True Identity of Cooperating Witness(es) (Docket No. 90) is DENIED.

DATED  August 1, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge