IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LENO PEREA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S AMENDED MOTION TO SUPPRESS EVIDENCE AND MOTION TO QUASH SEARCH WARRANT<br><br><br>Case No. 2:05-CR-234 TS |

I.  INTRODUCTION

By his Amended Motion to Suppress Evidence and Motion to Quash Search Warrant, Defendant seeks to make the substantial preliminary showing necessary to obtain a *Franks*[1] hearing.  Defendant also challenges the search warrant on the grounds that it is over-broad.  The Court finds that Defendant has not made the substantial showing necessary for a *Franks* hearing.  The Court further finds that the search warrant is not

---

[1] *Franks v. Delaware*, 438 U.S. 213, 236 (1983).

1

overbroad but that an evidentiary hearing is required on the issue of suppressing evidence of a firearm seized during the search.

## II. *FRANKS* ISSUE

Defendant contends that the material allegations made in the officer's affidavit in support of the search warrant are false and that in relying on those allegations, the officer acted in reckless disregard of the truth.

> Under *Franks v. Delaware*, a defendant may request an evidentiary hearing regarding the veracity of a search warrant affidavit. Before the defendant will be entitled to such a hearing, however, the defendant must allege deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. Affidavits of witnesses should be provided to the court or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. If these requirements are met, then the defendant must show that the remaining content of the warrant affidavit is insufficient to support a finding of probable cause. "The standards of deliberate falsehood and reckless disregard set forth in *Franks* apply to material omissions, as well as affirmative falsehoods."[2]

Defendant contends that the officer acted in reckless disregard of the truth because in his Affidavit he relied on information received from the CI when (1) the officer took no action to verify that information; (2) the officer failed to adequately establish the CI's credibility; and (3) the CI's information that Defendant possessed drugs was not reliable because the controlled buys it was based upon were not "thoroughly controlled."[3]

The government contends that the officer's independent investigation was more

---

[2] *U.S. v. Artez*, 389 F.3d 1106, 1116 (10th Cir. 2004) (quoting *United States v. Avery*, 295 F.3d 1158, 1166 (10th Cir. 2002)) (other citations omitted).

[3] Def.'s Mem. at 4.

than sufficient action to verify the CI's information and that the totality of the circumstances support the finding of probable cause to issue the search warrant.

It is no longer "an essential requirement of a supporting affidavit" that the Affiant recite "the underlying circumstances from which the informant concluded the facts he/she related and the underlying circumstances that lead the affiant to believe that the informant was credible."[4]  Instead, the Court now views the "totality of the circumstances", in which "an informant's 'veracity,' 'reliability' and 'basis of knowledge' . . . all [remain] highly relevant in determining the value of his [or her] report" but "these elements should [not] be understood as entirely separate and independent requirements to be rigidly exacted in every case."[5]

In this case, the Affidavit recites the following: The CI gave the officer identifying information about a person named Leno—where he lived and what vehicle he drove—and stated that Leno was selling drugs from that address.  The Officer investigated and independently verified that a person named Leno lived at the apartment and drove the vehicle the CI had identified.  The CI was known to the officer.[6]  The officer conducted two

---

[4]*United States v. Archuleta*, 222 Fed. Appx. 710, 717 (10th Cir. 2007) (unpublished decision) (citing *Spinelli v. United States*, 393 U.S. 410 (1969) and *Aguilar v. Texas*, 378 U.S. 108 (1964)).

[5]*Id.* at 717-718 (quoting *Illinois v. Gates*, 462 U.S. 213, 230 and 238 (1983)) (alterations in original).

[6]The parties also dispute whether the CI's veracity was established by the fact that the CI previously provided information leading to other arrests.  However, the Court need not address those arguments because such information is not in the Affidavit for Search Warrant filed in this case. *See* Sealed Docket No. 94 (sealed Search Warrant and Affidavit).

controlled buys from the residence using the CI to corroborate the CI's tip that Defendant was selling drugs from that location.

Defendant argues that the controlled buys were insufficiently controlled to establish the veracity of the CI or corroborate his tip because the Affidavit does not recite that the officer also searched the CI's vehicle. However, that is not relevant because the Affidavit does not state that the CI was in a vehicle, only that the officers searched him, then followed him and watched him enter and exit Defendant's apartment and return to a designated meeting place where a second search revealed a white substance that tested positive as methamphetamine.

Defendant proffers his own Affidavit saying that he did not sell any controlled substances out of his apartment during this time period. Defendant's Affidavit does not make a substantial preliminary showing that the officer knowingly, intentionally, or with reckless disregard employed a false statement because it does not contradict the Affidavit. The Affidavit does not say that the officer observed the controlled buy itself or that Defendant was in the apartment, or was the only person in the apartment at the time of the controlled buys. The Affidavit does, however, state the facts showing that the officer corroborated the CI's tip by independent investigation showing that the CI was obtaining controlled substances from the apartment.

Defendant argues that the fact that the CI was paid undermines his reliability. But the Affidavit discloses this fact and, therefore, it does not support the argument that the officer intentionally or recklessly included false information in the Affidavit. Instead, the fact

that the CI is paid is information to be weighed in the totality of circumstances analysis of the entire affidavit.

Defendant also contends that the officer knowingly submitted false information or acted in reckless disregard of the truth by greatly misrepresenting or overstating Defendant's criminal history.  The government argues that the criminal history is substantially accurate and, in support, cites the Presentence Report previously prepared in this case and attaches Defendant's arrest record.  The Court finds that the Affidavit does not misrepresent or substantially overstate Defendant's criminal history.

Having failed to make the substantial preliminary showing, required, Defendant is not entitled to a *Franks* hearing, nor must the Court consider the Affidavit purged of any alleged falsity.  The Court finds, under the totality of the circumstances, the information recited in the Affidavit establishes probable cause to issue the search warrant.

### III.  WARRANT IS NOT OVERBROAD

Defendant also seeks to suppress evidence of a firearm.  Defendant first contends that the search warrant is overbroad because its description of "any other instrumentalities or fruits of the crimes of possession and distribution of controlled substances" does not meet the specificity requirement of the Fourth Amendment.

> "[A] warrant's description of things to be seized is sufficiently particular if it allows the searcher to reasonably ascertain and identify the things authorized to be seized."  Further, the warrant must leave nothing to the officer's discretion as to what is to be seized, so that the officer is prevented from generally rummaging through a person's belongings.[7]

---

[7] *United States v. Hargus,*  128 F.3d 1358, 1362 (10th Cir. 1997) (quoting *United States v. Finnigan*, 113 F.3d 1182, 1187 (10th Cir. 1997)).

The Court finds that the above-quoted description sufficiently restricts the items to be seized to those relating to a specific crime to allow the executing officers to distinguish between items that may and may not be seized and, therefore, is not overbroad.

The government relies upon another case from this district, *United States v. Lopez*,[8] as establishing the rule that "guns are sufficiently commonplace in commission of drug trafficking offenses to be 'fruits and instrumentalities' of such offenses."[9] This Court agrees with and adopts the *Lopez* decision.

### IV.  ORDER

Based upon the foregoing, it is therefore

ORDERED that Defendant's Amended Motion to Suppress Evidence and Motion to Quash Search Warrant (Docket Nos. 85 and 86) are DENIED.  It is further

ORDERED that the time from the filing of the Motion to Suppress through the date of the new trial is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(1)(F).

DATED  August 1, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] No. 2:02-CR-22 JTG, 2005 WL 292992 (D. Utah February 7, 2005).

[9] *Id*. at *4.