IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br><br><br><br>                vs.<br><br><br>LENO PEREA,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND JUDGMENT<br><br><br><br><br><br>Case No. 2:05-CR-234 TS |

        This matter is before the Court on a letter received from Defendant requesting that the Court amend its Judgment to defer payment on any fines owed by Defendant until after his release.[1]  Defendant's letter will be construed as a Motion to Amend Judgment.

        Defendant asserts that absent a court order amending the judgment in this case, the Bureau of Prisons ("BOP") will require Defendant to pay $107.75 per month for the period of his incarceration.  Defendant has provided a summary of his debt balance.  Defendant owes $1,194.71 in fines to the Crime Victim's Fund.  Defendant has also provided a copy of his Inmate Financial Plan under the Inmate Financial Responsibility Program ("IFRP") that requires

_____

        [1]Docket No. 119.

Defendant to make monthly payments of $107.75 toward satisfaction of his outstanding

obligations.

In its Judgment, this Court did not order Defendant to pay restitution and waived any fine

in this matter.  The Court did require that Defendant pay a $100 special assessment fee to be due

immediately.  Defendant has provided a receipt establishing that the special assessment fee was

paid.  Thus, the amount owed by Defendant is not the result of the Judgment in this case.  The

Court would note that the BOP is authorized in certain circumstances to impose monetary fines

and may also seek to collect state or local court obligations through IFRP.[2]

Furthermore, it appears Defendant is making a challenge to the BOP's ability to schedule

payments.  "Because a challenge to the BOP's authority to set . . . payment terms goes to the

execution of a [prisoner's] sentence, this claim falls within those properly raised in a petition for

habeas corpus under § 2241."[3]  Thus, Defendant must raise this issue as a petition filed under 28

U.S.C. § 2241.  However, "prior to seeking relief under § 2241, federal prisoners must exhaust

administrative remedies."[4]  Defendant has not shown that he has exhausted his administrative

remedies with the BOP regarding his schedule of payments.  Therefore, Defendant's Motion will

be denied without prejudice to allow him to exhaust those remedies.

If Defendant exhausts his remedies and is not satisfied, § 2241(a) provides that a "[w]rit[]

of habeas corpus may be granted by [one of the federal courts] within their respective

---

[2]*See* 18 U.S.C. § 4001.

[3]*Wallette v. Wilner*, 321 F. App'x 735, 737 (10th Cir. 2009) (unpublished).

[4]*Id.* (citing *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)).

jurisdictions."  Therefore, any future § 2241 petition raising these issues must be filed in the district where the prisoner is confined.[5]  Defendant is confined in California.

In light of the foregoing, Defendant's Motion will be denied without prejudice because Defendant has not exhausted his administrative remedies with the BOP.  It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 119) is DENIED without prejudice.  Pursuant to the terms of this Order, Defendant may re-file in the district where he is confined once he has exhausted his administrative remedies with the BOP.

DATED  July 27, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[5]*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

3